# GODDARD LAW PLLC

Exhibit B
Date 7-24-24

39 Broadway, Suite 1540 | New York, NY 10006
Office. 646.964.1178
Fax. 212.208.2914
Megan@goddardlawnyc.com
WWW.GODDARDLAWNYC.COM

June 16, 2023

**VIA EMAIL**: NEWYFAXENF@EEOC.GOV
Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004
*Attn: Intake Unit*

Re:   **Marshall Krimsky v. WestRock Company, et al**

Dear Intake Unit:

Please be advised that this office has been retained as counsel to Marhsall Krimsky ("Charging Party") in the above-referenced matter. Please direct all future correspondence to the undersigned as well as to Frances Slusarz, Esq. at Megan@goddardlawnyc.com and Frances@goddardlawnyc.com.

Enclosed please find Charging Party's notarized Charge Form 5 and EEOC Complaint. Please note that we have provided email contact information for Respondents on the Form 5.

Respondents' in-house counsel's contact information is as follows:

Anissa D. Floyd, Esq.
Anissa.Floyd@westrock.com

Please note that Charging Party's email is included on the Form 5 for purposes of accessing the portal. However, please also include the case on the portal profiles of attorneys Megan Goddard and Frances Slusarz.

Please do not hesitate to contact the undersigned or Ms. Slusarz should you have any questions or require anything further. Thank you.

Respectfully submitted,

GODDARD LAW PLLC
By: /s/ Megan S. Goddard
Megan S. Goddard, Esq.
Megan@goddardlawnyc.com

Encl.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | |

New York State Division Of Human Rights                                and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Marshall Krimsky represented by Megan Goddard: megan@goddardlawnyc.com and Frances Slusarz frances@goddardlawnyc.com   mdkrimsky@gmail.com | (646) 409-2219 | 01/03/1954 |

Street Address: 235 East 57th Street, Apt 18J, New York, New York 10022

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| WestRock Company and Westrock Services, LLC | 15+ | Respondent's Counsel:<br>Anissa D. Floyd<br>Anissa.floyd@westrock.com |

Street Address: 1000 Abernathy Road, NE, Atlanta, GA 30328

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 09/01/2022-Continuing   Latest:
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Please see attached Complaint.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 6/15/23

Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) June 15, 2023

DAVID BREWSTER
Notary Public - State of New York
NO. 01BR6191604
Qualified in Kings County
My Commission Expires 08/17/24

EEOC Form 5 (11/09)

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

| | |
|---|---|
| MARSHALL KRIMSKY<br><br>            Charging Party<br><br>-against-<br><br>WESTROCK COMPANY and WESTROCK SERVICES, LLC<br><br>            Respondent | Charge No. |

CHARGING PARTY MARSHALL KRIMSKY ("Charging Party"), by and through his attorneys Goddard Law PLLC, 39 Broadway, Suite 1540, New York, NY 10006, alleges upon knowledge with respect to himself, and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1.      For 22 years, Charging Party was a highly successful salesperson for Respondent Westrock Company and Respondent Westrock Services, LLC (hereinafter, collectively "Respondent Westrock") and its predecessors in interest, when Respondent Westrock reassigned him to a sales support role and drastically cut his income by about 70% to force him to retire. Respondent Westrock transferred Charging Party – its most successful salesperson – from a position where he earned an average of $481,000 in commissions per year over the previous 10 years, to a job with a salary of $145,000. The salary is about $48,000 less than Charging Party earned in his lowest earning year as a Respondent Westrock salesperson.

2.      Respondent Westrock claimed that it had to change Charging Party's job and compensation structure because his division did not employ commissioned salespeople. This is patently ludicrous, as Charging Party was employed as a commissioned salesperson by the

division since 2019. Notwithstanding that, Respondent Westrock purported to change Charging Party's compensation structure[1] just after Charging Party secured a new contract with his biggest customer, worth $16.5 million or more to Respondent Westrock. More troubling still, Respondent Westrock has since assigned Charging Party to perform the services for his biggest customer that he performed as a commissioned salesperson.

3. Charging Party was 68 years old and was regarded as disabled when Respondent Westrock changed his compensation structure. His manager and one-above manager were, upon information and belief, in their mid-50s. Upon information and belief, Respondent Westrock changed Charging Party's compensation structure because of his age and disability status, so his managers could be financially rewarded for the work Charging Party already performed, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, et seq. ("Title VII"), 42 U.S.C. § 1201 (Americans with Disabilities Act; "ADA"), the New York State Human Rights Law, and the New York City Human Rights Law.

## THE PARTIES

4. Charging Party was subjected to age and disability discrimination while employed at Respondent Westrock.

5. Charging Party was and is Respondent Westrock's "employee" within the meaning of applicable federal, state, and local laws, including Title VII and the ADA. Charging Party works remotely for Respondent Westrock from his homes in New York State.

6. Respondent Westrock Company is a corporation organized under the laws of the state of Georgia with a principal place of business in Atlanta, Georgia.

---

[1] Charging Party contends that changing his compensation structure such that he does not receive commissions on pre-existing contracts is an *ex post* change in compensation that violates wage payment laws. Charging Party shall pursue payment of the commissions he earned, but has not been paid, in a separate action.

2

7. Respondent Westrock Services, LLC is a corporation organized under the laws of the state of Georgia with a principal place of business in Atlanta, Georgia.

8. Respondent Westrock is Charging Party's "employer" within the meaning of applicable federal, state, and local laws, including Title VII, and the ADA.

## FACTUAL BACKGROUND

### Charging Party is Respondent Westrock's Most Successful Salesperson

9. Charging Party has worked as a salesperson in the packaging industry since about 1979. In 2000, he joined Schiffenhaus Packaging, a predecessor-in-interest to Respondent WestRock.

10. In the late 90s, Charging Party secured his first sale of display and packaging materials to Pepperidge Farm. Over the course of the next 25 years, Charging Party's sales from Pepperidge Farm steadily increased, reaching $16.5 million per year in the fiscal year ending September 30, 2022.

11. As a salesperson, Charging Party's income was solely commission-based. His commission on orders varied from 1% to more than 20% of the sale, depending on Respondent Westrock's profit margin on the order. From 2013 to 2022, Charging Party's earnings averaged about $481,000 per year.

### Respondent Westrock Loses Charging Party's Customers During a Medical Leave of Absence.

12. In 2014, Charging Party was diagnosed with Stage IV pancreatic cancer. He continued working like undergoing aggressive cancer treatments, and took a leave of absence of 1-2 months during 2015 to recover from his treatments.

13. Leading up to his leave of absence, Charging Party's total sales were between $6 million and $8 million per year, half of which came from sales to Pepperidge Farm.

14.     Respondent Westrock failed to properly service Charging Party's smaller accounts during his medical leave. Accordingly, upon his return to work, Charging Party discovered that most of his customers left Respondent Westrock to work with other packaging companies.

### Charging Party Focuses on Increasing Pepperidge Farm Sales

15.     At age 60, having narrowly survived treatment for Stage IV pancreatic cancer, Charging Party had to rebuild his business to maintain his salary level. Rather than seeking new customers, Charging Party focused his efforts on increasing the share of Pepperidge Farm business awarded to respondent Westrock.

16.     Charging Party's strategy was a great success. He more than quadrupled Respondent Westrock's Pepperidge Farm sales from $3 million to $4 million per year in 2014, to $16.5 million in 2022. Moreover, in August 2022, Pepperidge Farm signed a lucrative contract with Respondent Westrock, which Charging Party had been negotiating for nearly 2 years.

### Charging Party Transfers to the Graphics Division

17.     In 2019, Respondent Westrock underwent a reorganization and Charging Party was assigned to the Graphics Division under manager Mark van der Kloet ("Manager Kloet"). Charging Party expressed his concern to Manager Kloet about being the only commissioned salesperson in the Graphics Division, but Manager Kloet assured Charging Party that he would "make [Charging Party] whole."

18.     Manager Kloet's lack of experience managing commissioned salespeople came to a head early on, as Charging Party went without pay for more than a month. Apparently, neither Manager Kloet nor his assistant could figure out how Charging Party's commissions worked. As a stop gap, Manager Kloet agreed to pay Charging Party as he had been paid the previous year,

4

and to "true up" his commissions once he or his assistant created a spreadsheet to properly calculate Charging Party's Commissions.

19. During the three years that Charging Party worked as a commissioned salesperson in the Graphics Division, Respondent Westrock's sales from Pepperidge Farms increased by several million per year. Notwithstanding that, Manager Kloet never trued up Charging Party's commissions.

### Charging Party Secures Highly Profitable Contract With Pepperidge Farm, Yet is Demoted to a Sales Support Function

20. In August 2022, Charging Party successfully completed a two-year long negotiation of a contract with Pepperidge Farm. If Pepperidge Farm sales remained steady, the contract was worth $16.5 million in sales for Respondent Westrock during fiscal year 2023. If Pepperidge Farm sales continued in its upward trajectory, the contract would be worth substantially more than that. This was an unqualified win for Respondent Westrock and Charging Party.

21. Two weeks after Charging Party secured the new Pepperidge Farm contract, Manager Kloet left Respondent Westrock and David Steele ("Manager Steele") became Charging Party's manager.

22. On September 1, 2022, Manager Steele informed Charging Party that, effective October 1, 2022, Charging Party would no longer be a commissioned salesperson. Instead, Charging Party would take on a sales support role at a salary of $145,000 per year, representing a pay cut of about $411,000 per year.

23. Upon information and belief, Manager Steele was in his 50s.

### Charging Party Set Up to Fail in Sales Support Function

24. After more than 40 years as a salesperson, and at the age of 68, Respondent Westrock moved Charging Party into a number-crunching, data entry, administrative job, for which he was untrained and had no interest. The new role, Business Unit Manager, required extensive use of computer systems with which Charging Party was unfamiliar.

25. Respondent Westrock claimed that the move was necessary because the Graphics Division did not have commissioned salespeople, even though it plainly employed Charging Party as a commissioned salesperson for three years.

26. Charging Party appealed to Nickie Parker ("Manager Parker"), his one-above manager. Ignoring the blatant unfairness of a $411,000 per year pay cut after securing a highly profitable contract for Respondent Westrock, Parker blithely commented, "I hope you saved enough money over the years."

27. Upon information and belief, Manager Parker is in her 50s.

28. Upon information and belief, Respondent Westrock apparently embraced age-related stereotypes, such as the belief that sexagenarians cannot learn new computer programs. Respondent Westrock reassigned Charging Party to the administrative role to force him to retire, or to create conditions under which they could terminate his employment.

29. Critically, Respondent Westrock refuses to pay Charging Party the commissions he earned under the new Pepperidge Farm contract, having reclassified Pepperidge Farm as a "house account" for which nobody earns a commission.

### Charging Party Assigned to Support Respondent Westrock's Relationship with Pepperidge Farms

30. In March 2023, Manager Steele left Respondent Westrock and Tammie Siracusa ("Manager Siracusa") became Charging Party's direct manager. She assigned Charging Party to

focus on maintaining Respondent Westrock's relationship with Pepperidge Farm, but without Respondent Westrock paying the commissions Charging Party earned by virtue of securing the new contract.

31. Upon information and belief, Manager Siracusa is in her 50s.

32. Upon information and belief, Respondent Westrock set upon its scheme to force Charging Party to retire, or to terminate his employment, because of his age and its perception that he is disabled. Apparently, Respondent Westrock is under the mistaken belief that it has no obligation to pay the commissions Charging Party earned on the new Pepperidge Farm contract.

33. Upon further information and belief, Respondent Westrock's managers belief that by "saving" Westrock the expense of Charging Party's commissions, they will be rewarded with substantial bonuses.

## CLAIMS

Based on the forgoing, Respondent Westrock subjected Charging Party to age discrimination and "regarded as" disability discrimination, which created a hostile work environment and impeded Charging Party from working in a harassment free environment.

Dated: New York, New York
June 16, 2023

GODDARD LAW PLLC

Attorneys for Charging Party

By: s/ Megan S. Goddard
Megan S. Goddard
Frances Codd Slusarz
39 Broadway, Suite 1540
New York, NY 10006
Tel 646-964-1178
megan@goddardlawnyc.com
frances@goddardlawnyc.com

7