# G O D D A R D   L A W   P L L C

39 Broadway, Suite 1540 | New York, NY 10006

Office. 646.964.1178

Fax. 212.208.2914

WWW.GODDARDLAWNYC.COM

April 7, 2025

**VIA ECF**
Hon. Margaret M. Garnett, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Courtroom 906
New York, New York 10007

    Re:    *Marshal Krimsky v. WestRock Company et al*, 23-cv-6252 (MMG)
              **Motion to Seal Exhibits in Support of Opposition to Summary Judgment**

Dear Judge Garnett:

    This firm represents Plaintiff Marshall Krimsky ("Plaintiff"), in the above-referenced action. Pursuant to Rule 1(D)(iii) of Your Honor's Individual Practices in Civil Cases, Plaintiff submits this letter motion with consent of Defendant for leave to file under seal one exhibit in support of his opposition to the motion for summary judgment.

    Pursuant to the Protective Order agreed to by the Parties and ordered by the Court on July 16, 2024 (ECF No. 24), Plaintiff requests leave to seal the following exhibits attached to the Declaration of Megan Goddard, which contain documents from Defendants' document production that Defendants marked confidential:

- Exhibit C – Compensation Records for Marshall Krimsky, January 1, 2013 to August 31, 2023.

    Sealing the foregoing exhibits is appropriate because the materials contain sensitive information concerning Defendants' business operations in addition to information regarding the Plaintiff's personal finances and compensation. Courts consider each application for a sealing order on its own facts and circumstances and generally weigh the public's interest in access against the interest in confidentiality. *See Application of Newsday, Inc.*, 895 F.2d 74, 79 (2d Cir. 1990) ("the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case").

    When determining whether a motion to seal a document should be granted, courts consider: (1) whether the document qualifies as a "judicial document" subject to a presumption of public access under both the common law and the First Amendment; (2) the

weight of the presumption of public access attaching to that judicial document; and (3) if any countervailing factors outweigh the right of public access to that judicial document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006); *see also* Hernandez, 2021 WL 1226499, at *12 ("Lugosch instructs this Court to determine whether the documents at issue have a presumption of public access, consider the weight of that access, then balance competing considerations.").

As to the first factor, documents filed in connection with a summary judgment motion are indeed considered to be "judicial documents" because they directly affect an adjudication. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 (2d Cir. 2004).

As to the second factor, courts may consider whether the subject matter of the document is "traditionally considered private." *See Hernandez*, 2021 WL 1226499, at *12 (citing *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)). In Amodeo, the Second Circuit noted:

> In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public. Financial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public.

The third factor is applicable because examples of "countervailing factors" include legal privilege, business secrecy, the privacy interests of those resisting disclosure, and the danger of impairing law enforcement or judicial efficiency. *See Sec. & Exch. Comm*, 2020 WL 3264264, at *1; *Lugosch*, 435 F.3d at 120-25; Amodeo, 71 F.3d at 1050-51.

Accordingly, Plaintiff respectfully asks the Court to grant this letter motion to seal the above listed exhibit. No previous request for such relief has been made. Plaintiff thanks the Court for its attention to this matter.

Plaintiff thanks the Court for its attention to this matter.

Respectfully submitted,

GODDARD LAW PLLC
*Attorneys for Plaintiff*

/s/ *Megan Goddard*
Megan Goddard, Esq.

---

Application GRANTED. Having examined the document in question and considering Plaintiff's representations, the consent letter-motion to seal Exhibit C in support of Plaintiff's opposition to Defendants' motion for summary judgment is hereby GRANTED. Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The Court finds that Plaintiff's interest in filing under seal the sensitive information regarding his personal compensation and regarding Defendants' business operations outweighs the presumption of access. The Clerk of Court is respectfully directed to terminate Dkt. No. 47.

SO ORDERED. Date: 4/8/2025.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE